CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2018 MAR 13 AM 9: 29

DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| WAINY U. RICHARDSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 4:15-CV-0879-BL |
| | § | |
| CAROLYN W. COLVIN, | § | |
| Acting Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

### MEMORANDUM OPINION AND ORDER
### REGARDING ATTORNEY FEES UNDER 42 U.S.C. § 406(b)

The Court has under consideration a Petition to Obtain Approval of a Fee for Representing a Social Security Claimant (doc. 28). Through this petition/motion counsel for Plaintiff seeks attorney fees pursuant to 42 U.S.C. § 406(b). Defendant has filed a response (doc. 29) in which she states that the requested fees are not unreasonable. For the reasons set forth below, the Court grants the motion.

### I. BACKGROUND

On January 17, 2017, the Court reversed the decision of the Commissioner and remanded this case for additional administrative proceedings. *See* Mem. Op. & Order (doc. 20). The Court entered its Final Judgment (doc. 21) the same day. By Electronic Order of February 27, 2017, the Court granted a timely motion for extension of time to file a motion for attorney fees under 42 U.S.C. § 406(b) and extended that deadline "to twenty-eight days after the Commissioner determines Plaintiff's remanded disability claim and notifies Plaintiff of that decision, including the portion of retroactive benefits, if any, that are available for payment of counsel's fee." By Amended Electronic Order of April 7, 2017, the Court granted as unopposed a Petition for Award of Attorney Fees under

the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, and ordered that fees in the amount of $6,075.03 be granted in addition to reimbursement of the court filing fee of $400.00.

On December 29, 2017, Plaintiff timely filed the instant petition/motion for § 406(b) attorney fees and provided an itemization of time expended; an affidavit regarding his legal background and history; the contingent fee contract entered into by Plaintiff and counsel; a Notice of Award from the Social Security Administration dated December 23, 2017; a decision granting benefits dated June 21, 2017; and an article addressing fee rates for attorneys in Texas. The Notice of Award reveals that Plaintiff received a favorable decision from the SSA at the administrative level. It further reveals that the SSA had informed counsel that it found Plaintiff disabled as of June 22, 2010, and entitled to monthly disability benefits beginning July 2011. The notice advises Plaintiff that he had been awarded past-due benefits of $146,790.00 and that it has withheld $36,697.50 from that amount, which represents 25% of the past-due benefits. Movant indicates that he will promptly refund the lesser EAJA fees to Plaintiff if the Court grants the current request for fees.

## II. DISCUSSION

"Sections 406(a) and 406(b) of the Social Security Act provide for the discretionary award of attorney's fees out of the past-due benefits recovered by a successful claimant in a Social Security action. Section 406(a) allows an attorney to receive fees '[f]or representation of a benefits claimant at the administrative level.'" *Murkledove v. Astrue*, 635 F.3d 784, 787 (5th Cir. 2011) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002)). Section 406(b), on the other hand, "governs the award and collection of fees by attorneys for the representation of claimants in court." *Id.* at 788. Section 406(b)(1)(A) provides in pertinent part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess

of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . ..

Section 406(b) authorizes an award of fees after the attorney has obtained "a favorable decision on remand." *Jackson v. Astrue*, 705 F.3d 527, 531 (5th Cir. 2013).

Contingent fee agreements are common in social security cases. *See Gisbrecht*, 535 U.S. at 800 (observing that contingent-fee arrangements "are the most common fee arrangement between attorneys and Social Security claimants"). But judicial review acts as an "independent check" of any award of attorney fees under § 406(b), including contingent-fee agreements, to ensure that the award is reasonable and in compliance with § 406. *Id.* at 807. The attorney seeking fees has the ultimate burden to show that, "[w]ithin the 25 percent boundary . . . the fee sought is reasonable for the services rendered." *Id.* Although the Fifth Circuit has declined to limit "consideration of what constitutes a windfall to some exhaustive list," it has stated that such consideration "is not a simple reiteration of the lodestar method," and has recognized several factors that the courts have considered, including "risk of loss in the representation, experience of the attorney, percentage of the past-due benefits the fee constitutes, value of the case to a claimant, degree of difficulty, and whether the client consents to the requested fee." *Jeter v. Astrue*, 622 F.3d 371, 382 (5th Cir. 2010) (citation omitted).

Because the Social Security Administration did not notify Plaintiff of the portion of retroactive benefits available for payment of counsel's fee until December 23, 21017, counsel timely filed the fee petition in accordance with the granted extension of time. Counsel seeks court approval for a fee payment of $30,046.87 (approximately 20% of the past-due benefits) and a court order directing the Social Security Administration to release that amount as an attorney fee. As reflected in the itemization of services rendered, counsel expended 32.05 hours on this case in this Court.

3

Although counsel does not typically charge an hourly fee for services rendered, he suggests that $375.00 is a standard rate for such services and requests a 2.5 multiplier to such fee to reflect the risks associated with contingency agreements. Based upon that multiplier and suggested rate, counsel's effective hourly rate for the requested fees would be $937.50. In addition, counsel recognizes that this Court previously awarded fees of $6,075.03 under the EAJA and that he is obligated to reimburse Plaintiff for the lesser amount of fees awarded through the instant motion and the EAJA.

After reviewing the motion, attachments, response by the Commissioner, and applicable law, including the various factors recognized in *Jeter*, the Court finds that (1) attorneys have a substantial risk of loss in appealing social security issues to federal court; (2) counsel briefed the issues in this case in a seventeen-page brief and nine-page reply brief; (3) the same effective hourly rate ($937.50) for the same attorney has been approved as reasonable in another social security case;[1] (4) counsel has over forty years experience in social security matters; (5) the value of the case to claimant exceeds $100,000 even after subtracting the requested attorney fees; (6) the existence of a contingent fee agreement reflects at least some indication that Plaintiff consented to the fees; (7) the degree of difficulty of the issues does not warrant finding that the requested fees are unreasonable; and (8) the requested attorney fee is reasonable under all the circumstances.

---

[1]*See Wilson v. Berryhill*, No. 3:13-CV-1304-N-BH, 2017 WL 1968809, at *2-3 (N.D. Tex. Apr. 7, 2017) (recommendation of Mag. J.) *accepted by* 2017 WL 1956242 (N.D. Tex. May 11, 2017). Naturally, because the reasonableness of requested fees is made on a case-by-case basis, a reasonable fee for the same attorney may result in different effective hourly rates. *See Smith v. Berryhill*, No. 3:15-CV-686-M-BH, 2017 WL 1501542, at *2-3 (N.D. Tex. Apr. 6, 2017) (recommendation of Mag. J. finding effective hourly rate of $771.16 reasonable for the same attorney) *accepted by* 2017 WL 1494722 (N.D. Tex. Apr. 26, 2017); *Woods v. Berryhill*, No. 3:14-CV-1990-B-BH, 2017 WL 2190663, at *2-3 (N.D. Tex. Apr. 7, 2017) (recommendation of Mag. J. finding effective hourly rate of $755.82 reasonable for the same attorney) *accepted by* 2017 WL 2153799 (N.D. Tex. May 17, 2017).

## III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Petition to Obtain Approval of a Fee for Representing a Social Security Claimant (doc. 28) and Plaintiff's counsel is awarded $30,046.87 in attorney fees out of Plaintiff's past-due benefits pursuant to 42 U.S.C. § 406(b) and the Social Security Administration is ordered to release such amount as and for an attorney's fee to Plaintiff's counsel, Ronald D. Honig. Because the Court previously awarded counsel fees in the amount of $6,075.03 pursuant to the EAJA, counsel must refund that amount to Plaintiff as the smaller of the two fee awards.

**SO ORDERED this** _13th_ **day of March, 2018.**

**E. SCOTT FROST
UNITED STATES MAGISTRATE JUDGE**